IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY ALFRED FONTANA, | No. C 11-03701 WHA |
| Petitioner, | |
| v. | **ORDER TO SHOW CAUSE** |
| FRANK X. CHAVEZ, Warden, Sierra Conservation Center, Jamestown, CA, and ATTORNEY GENERAL OF THE STATE OF CALIFORNIA, | |
| Respondents. | |

Petitioner, a prisoner currently incarcerated in California, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254 challenging a conviction in California state court.

According to the petition, in 2006 petitioner was convicted by a jury of forcible digital penetration, forcible oral copulation and assault with intent to commit rape, digital penetration, and oral copulation, in San Francisco County Superior Court. The trial court sentenced him to a term of eighty-nine years to life in state prison. After modification, the California Court of Appeal affirmed the conviction, and the California Supreme Court denied review.

A district court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

As a basis for federal habeas relief, petitioner claims that the exclusion of certain evidence and cumulative errors at trial violated his federal constitutional rights and was not harmless. Liberally construed, the issues in the petition are sufficient to require a response.

1. The Clerk shall mail a copy of this order and the petition with all attachments to respondents and the respondents' attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on petitioner's counsel.

2. Respondents shall file with the Court and serve on petitioner, within **NINETY DAYS** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the cognizable claim in the petition, as identified above. Respondents shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondents within **THIRTY DAYS** of the date the answer is filed.

3. Respondents may file, within **NINETY DAYS**, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondents file such a motion, petitioner shall file with the Court and serve on respondents an opposition or statement of non-opposition within **THIRTY DAYS** of the date the motion is filed, and respondents shall file with the Court and serve on petitioner a reply within **FIFTEEN DAYS** of the date any opposition is filed.

4. Petitioner is reminded that all communications with the Court must be served on respondents by mailing a true copy of the document to respondents' counsel. Petitioner must comply with court orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

Petitioner's motion for leave to file excess pages is **DENIED AS MOOT**, as there is no page limit that this order can identify for which leave would have to be granted to exceed.

**IT IS SO ORDERED.**

Dated: August 1, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE